[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11278
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-01252-VMC-EAJ

BRENT YESSIN,

Plaintiff - Appellee,

versus

THE CITY OF TAMPA, FLORIDA,
a Municipal corporation,

Defendant,

OFFICER JOSEPH REESE,
OFFICER MICHAEL LEAVY,
OFFICER DUSTIN KENNEDY,
OFFICER SHANNON MURPHY,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2015)

Before HULL, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

The Defendants, four police officers, bring this interlocutory appeal from the denial of summary judgment based on qualified immunity. The Plaintiff, Brent Yessin, alleges claims under 42 U.S.C. § 1983. These § 1983 claims arise out of the arrest of the Plaintiff for obstructing a police investigation in violation of Fla. Stat. § 843.02. The district court granted summary judgment for the Defendants on all claims except for three: (1) the First Amendment claims for freedom of association; (2) the Fourth Amendment claims for false arrest; and (3) the Fourth Amendment claims for excessive force. The Defendants appeal, seeking qualified immunity on these three claims. We affirm in part and reverse in part.

On the First Amendment claims, the Plaintiff has not established that the Defendants violated clearly established law. The only case the Plaintiff cites is *Dahl v. Holley*, 312 F.3d 1228 (11th Cir. 2002). The *Dahl* case involved a First Amendment claim for retaliatory arrest based on constitutionally protected speech. *Id.* at 1236. The Plaintiff's claim in this case is pleaded as a freedom of association claim, not a freedom of speech claim. The Plaintiff has not met his burden in establishing that the Defendants violated clearly established law. Thus, the Defendants are entitled to qualified immunity on the First Amendment claim.

We now turn to the Fourth Amendment false arrest claims.  We must determine whether the Defendants had arguable probable cause in arresting the Plaintiff. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  In *Davis*, this court held that, "with very limited exceptions . . . , physical conduct must accompany offensive words to support a conviction under § 843.02." *Id.* at 765 (citations omitted).  There is a dispute of fact as to whether the Plaintiff engaged in physical obstruction sufficient to violate this statute, or whether he was merely verbally disruptive.  Thus, considering the facts in the light most favorable to the Plaintiff, the Defendants did not have arguable probable cause and are not entitled to qualified immunity.

Three of the officers contend, in the alternative, that they are entitled to qualified immunity on the false arrest claims because they relied on representations made by the fourth officer.  The "fellow-officer" rule allows an officer to rely on information supplied by fellow officers in making an arrest. *Voorhees v. State*, 699 So.2d 602, 609 (Fla. 1997).  Put differently, information in the possession of one police officer is imputed to other police officers and an arrest is legal as long as "the police as a whole were in possession of information sufficient to constitute probable cause." *Id.* (quotations omitted).  However, contrary to the Defendants' contention, "an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest."

3

*Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 568, 91 S. Ct. 1031, 1037 (1971).  If the fellow officer himself lacks probable cause, there is nothing to impute. *See also O'Rourke v. Hayes*, 378 F.3d 1201, 1210 & n.5 (11th Cir. 2004) ("Nothing in the record suggests that any of the police officers were [the Defendant's] superior, or that he was obligated to follow their orders.  Moreover, since World War II, the 'just following orders' defense has not occupied a respected place in our jurisprudence . . . .").  The Defendants cannot rely on the "fellow officer rule" where the fellow officer, himself, lacked probable cause.

As to the excessive force claims, the district court properly noted that, because it "remains to be determined whether [the Defendants] had arguable probable cause to make Yessin's arrest . . . , it is premature to address the excessive force claims as even de minimis force will violate the Fourth Amendment if the officer is not entitled to arrest or detain the suspect." (D.E. 165 at 23) (quotations omitted).

The judgment of the district court is affirmed as to the Fourth Amendment claims and reversed as to the First Amendment Claims.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

4